

FILED

SEP - 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# United States District Court
## FOR THE DISTRICT OF COLUMBIA

Robert Maki
Sandra Maki
c/o 50 Rhodes Drive
Eureka Springs, Arkansas
479-253-8134

CASE NUMBER  1:06CV01564

JUDGE: John D. Bates

DECK TYPE: Pro se General Civil

DATE STAMP: 09/06/2006

        Plaintiffs,

v.

United States Government

        Defendant.

**VERIFIED COMPLAINT, PETITION, AND CLAIM FOR DAMAGES
IN THE NATURE OF A COMPLAINT, PETITION, AND CLAIM
FOR DAMAGES UNDER THE AUTHORITY OF 26 U.S.C. § 7433[1]**

I
**INTRODUCTION**

COME NOW Robert Maki, and Sandra Maki, each in their own right, <u>Faretta v. California</u>, 422 US 809, reserving their right to Assistance of Counsel, Id., AMENDMENT VI, UNITED STATES CONSTITUTION, JUDICIARY ACT OF 1789, 1 Stat. 73, § 35, and 28 USC § 2072(b), and the INTERNATIONAL COVENANT ON CIVIL AND POLITICAL

## I. PARTIES

A. Plaintiffs, are neither employed by, nor are personnel of, the defendant, are Citizens of Arkansas, a Republic, "State in th[e] Union," established in Art. IV § 4 United States Constitution, *see also*: Hooven & Allison v. Evatt, 324 U.S. 652, 672-674, domiciled at the address shown above.

B. Defendant is the UNITED STATES OF AMERICA, established in Art. II, United States Constitution.

## II. JURISDICTION

A. The district court of the United States has jurisdiction pursuant to

1. Section 7433 of the Internal Revenue Code of 1986, 102 Stat. 3747, as amended;

2. Section 704 of the ADMINISTRATIVE PROCEDURE ACT, 80 Stat. 392, for final agency actions for which there is no other adequate remedy in a court;

3. Section 705 of the ADMINISTRATIVE PROCEDURE ACT, 80 Stat. 393, to compel agency action unlawfully withheld or unreasonably denied; and,

4. Section 706 of the ADMINISTRATIVE PROCEDURE ACT, 80 Stat. 393, to provide for judicial review of final agency actions for which there is no other adequate remedy in a court.

B. The district court of the United States has power to hold unlawful and set aside agency action findings, and conclusions found to be -

1. (A) arbitrary, capricious, an abuse of discretion, or otherwise not in

accordance with law;

2. (B) contrary to constitutional right, power, privilege, or immunity;

3. (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

4. (D) without observance of procedure required by law;

5. (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title [Title 5] or otherwise reviewed on the record of an agency hearing provided by statute; or

6. (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court. In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

C. The district court of the United States further:

1. has federal question jurisdiction pursuant to Title 28 United States Code § 1331 with respect to

    a) federal record-keeping matters under

        (1) the Federal Records Act; 82 Stat. 1297, et seq.;

        (2) the National Archives Act , 90 Stat. 2723, , et seq.;

    b) federal records access matters under

        (1) the Federal Records Act; 82 Stat. 1297, et seq.;

        (2) the Freedom of Information Act, 80 Stat. 383, et seq.; and,

        (3)    the Privacy Act of 1974, 88 Stat. 1897.

2.   has jurisdiction of action in the nature of mandamus to compel performance of a duty by an officer or employee of an agency of the United States (sic), pursuant to P. L. 87-748, § 1(a), 76 Stat. 744, Title 28 United States Code § 1361; the ADMINISTRATIVE PROCEDURE ACT, June 11, 1946, ch 324, 60 Stat 237, as amended; Title 5 United States Code § 705; and,

3.   has jurisdiction under the ALL WRITS ACT, Title 28 United States Code § 1651.

## III. VENUE

A.   Venue is proper in the District of Columbia, (26 USC §7433), as the permanent seat of government of the United States pursuant to Title 4, United States Code, § 71, <u>61 Stat. 643</u>, wherein the offices of government are required to be exercised, pursuant to Title 4, United States Code, § 72, 61 Stat. 643.

B.   "The Office of the Secretary" is so exercised at 1500 Pennsylvania. Ave. N.W., Washington D.C.

## IV. ALLEGATIONS[2]
COUNT 1

By disregard of Internal Revenue Code section 6001, 68A Stat. 731, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to notify Plaintiffs, by notice served or by regulation, of the imposition of a

---

[2] This listing is not inclusive. There may be other provisions of Title 26 and its regulations that Plaintiffs are not aware of which have been disregarded.

requirement to keep records, make statements, or file returns with respect to any tax imposed in the Internal Revenue Code.

COUNT 2

By disregard of Federal Tax Regulation 26 CFR 1.6001-1, subsection (d), promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6001 with respect to income tax imposed in Subtitle A of the Internal Revenue Code; with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, a component of the Department of Treasury, failed to notify Plaintiffs, by notice served, of the imposition of a requirement to keep specific records, make statements, or file returns with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 3

By disregard of Internal Revenue Code section 6109, 75 Stat. 828, subsection (d) with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, forced Plaintiffs into the use of a "social security account number issued to an individual for purposes of section 205(c)(2)(A) of the Social Security Act" assignable by the Commissioner of Social Security only to:

1.   aliens, see 42 USC § 405(c)(2)(B)(i)(I); and,

2.   applicants for/recipients of federal benefits, see 42 USC § 405(c)(2)(B)(i)(II)

effectively creating, in Plaintiffs, a false status of "alien" and/or "applicant/recipient".

COUNT 4

By disregard of Internal Revenue Code section 6201, 68A Stat. 767, subsection (a), paragraphs (1) and (2), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to limit assessments to:

1. Taxes shown on return 26 USC § 6201(a)(1); and,

2. Unpaid taxes payable by stamp 26 USC § 6201(a)(2).

COUNT 5

By disregard of Federal Tax Regulations in 27 CFR Part 70, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, collected amounts collectable only from those engaged in activity relating to Alcohol, Tobacco Products, and Firearms.

COUNT 6

By disregard of Internal Revenue Code section 6202, 68A Stat. 768, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, exceeded the limitations imposed upon the Secretary's authority to establish by regulations the mode or time for the assessment of any internal revenue tax (including interest, additional amounts, additions to the tax, and assessable penalties).

COUNT 7

By disregard of Internal Revenue Code section 6203, 68A Stat. 768, with intent to

defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to record assessments in the office of the Secretary in the name(s) of Robert Maki and, or Sandra Maki.

COUNT 8

By disregard of Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to execute, i.e., sign, summary record(s) of assessment, which include(s),

(1)   identification of the taxpayer;

(2)   character of liability assessed;

(3)   taxable period, if applicable; and,

(4)   amount of assessment.

COUNT 9

By disregard of Internal Revenue Code section 6203, 68A Stat. 768, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Plaintiff copies of assessments "filed in the Office of the Secretary" upon request.

COUNT 10

By disregard of Federal Tax Regulation 301.6203-1, promulgated pursuant to

Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Plaintiffs copies of signed summary records of assessment with supporting lists upon request.

COUNT 11

By disregard of Internal Revenue Code section 6211, 68A Stat. 770, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to promulgate regulations to implement Internal Revenue Code section 6211, 68A Stat. 770 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 12

By disregard of Internal Revenue Code section 6301, 68A Stat. 775, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, exceeded the limits imposed upon the Secretary's authority to collect taxes; i.e., taxes imposed by the Internal Revenue Code . Specifically:

1.  The Commissioner of Internal Revenue failed to develop and implement procedures under which - "(1) a determination by an employee to file a notice of lien or levy with respect to, or to levy or seize, any property or right to property would, where appropriate, be required to be reviewed by a supervisor of the employee before the action was taken"; and,

2.  The Commissioner of Internal Revenue failed to develop and implement

procedures under which -"(2) appropriate disciplinary action would be taken against the employee or supervisor where the procedures under paragraph (1) were not followed"; and,

3. The Commissioner of Internal Revenue failed to develop and implement a review process under subsection (a)(1) which includes a certification that the employee has -

"(1) reviewed the taxpayer's information;

"(2) verified that a balance is due; and

"(3) affirmed that the action proposed to be taken is appropriate given the taxpayer's circumstances, considering the amount due and the value of the property or right to property."

COUNT 13

By disregard of Federal Tax Regulations in 27 CFR Part 24, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 14

By disregard of Federal Tax Regulations in 27 CFR Part 25, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to

implement the provisions of Internal Revenue Code section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 15

By disregard of Federal Tax Regulations in 27 CFR Part 26, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 16

By disregard of Federal Tax Regulations in 27 CFR Part 270, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 17

By disregard of Federal Tax Regulations in 27 CFR Part 41, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 18

By disregard of Federal Tax Regulations in 27 CFR Part 53, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 19

By disregard of Federal Tax Regulations in 27 CFR Part 70, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 20

By disregard of Internal Revenue Code section 6303, 68A Stat. 775, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to "within 60 days after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof" with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 21

By disregard of Federal Tax Regulations in 27 CFR Part 53, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6303 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 22

By disregard of Federal Tax Regulations in 27 CFR Part 70, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6303 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 23

By disregard of Internal Revenue Code section 6304, 112 Stat. 768, subsection (b), paragraph (1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, engaged in "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax."

COUNT 24

By disregard of Internal Revenue Code section 6320, 112 Stat. 746, with intent to

defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to hold a hearing in conjunction with subsections (c), (d) (other than paragraph (2)(B) thereof), and (e) of section 6330.

COUNT 25

By disregard of Internal Revenue Code section 6321, 68A Stat. 779, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, made, executed, and caused to be recorded, notices of lien for failure or neglect to pay without giving proper notice and without making demand.

COUNT 26

By disregard of section 6751(b)(1) of the Internal Revenue Code of 1986, 68A Stat 3, § 6751(b), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees violated IRC section 6751(b) by failing to verify that a supervisor had personally approved, in writing, the initial penalty determination.

COUNT 27

By disregard of Internal Revenue Code section 6322, 68A Stat. 779, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted liens for which no assessment was made, in violation of Internal Revenue Code section 6203 and Federal Tax Regulation 301.6203-1.

COUNT 28

By disregard of Internal Revenue Code section 6323, 68A Stat. 779, subsection (f),

paragraph (1), subparagraph (A), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to certify notices of lien prior to same being recorded, in violation of the Uniform Federal Tax Lien Registration Act, as enacted in Arkansas.

COUNT 29

By disregard of Federal Tax Regulations in 27 CFR Part 70, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury failed to implement the provisions of Internal Revenue Code section 6323 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 30

By disregard of Federal Tax Regulations in 27 CFR Part 301, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6323 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 31

By disregard of Internal Revenue Code section 7213, 68A Stat. 855, subsection (a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the

Department of Treasury, unlawfully disclosed return information - by filing into the Public Record notices of lien in stated amounts for which no record of assessment exists.

## V
## ALLEGATIONS RE: BREACHES OF ADMINISTRATIVE PROCEDURE:

A.  Counts one through thirty-one, above, are realleged and incorporated as if fully set forth herein.

B.  Upon information and belief, the failures of administrative procedure identified in Counts one through thirty-one, above, were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; without observance of procedure required by law; unsupported by substantial evidence in a case subject to sections 556 and 557 of Title 5, United States Code, or otherwise reviewed on the record of an agency hearing provided by statute, and unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

## VI
## SPECIAL MATTERS

Counts one through thirty-one, above, are realleged and incorporated as if fully set forth herein. Upon information and belief, each failure of administrative procedure identified above; intended to defeat the application of the respective provision of the Internal Revenue Code, is a separate and distinct violation of IRC § 7214(a)(3).

## DAMAGES

Plaintiffs have been damaged by the aforesaid intentional disregards of the Internal Revenue Code on the part of defendant's agency, the Internal Revenue Service. Plaintiffs have suffered the loss of more than $172,000.00 as a direct result of the wrongful collection actions of defendant's agents, officers and, or employees, and Plaintiffs continue to be damaged.

Plaintiff, Sandra Maki lost approximately $3,600.00 through a wrongfully issued Notice of Lien and Notice of Levy. Plaintiff Robert Maki lost approximately $45,000.00 through wrongful collection actions including wrongfully issued Notices of Lien and Notices of Levy
Plaintiffs suffered the loss of more than $123,500.00 through wrongful collection actions which led to payments which were due Plaintiffs being encumbered by the wrongful issuance and recordation of Notices of Lien.

## REMEDY SOUGHT

. Plaintiffs seek a determination that principals, officers, agents, and/or employees of defendant's agency (Internal Revenue Service) disregarded cited provisions of the Internal Revenue Code and/or regulations promulgated under that Title with intent to defeat the application thereof.

. Upon determination as sought, Plaintiffs seek an ORDER:

1. directing defendants to pay damages in accordance with section 7433, in an amount equal to the fine imposed in Internal Revenue Code section 7214(a) for each disregard with intent to defeat the

provisions thereof, i.e., 10,000.00 per disregard; and

2. directing defendant to pay Plaintiffs $172,500.00 for the direct monetary damages Plaintiffs have suffered as a result of the actions of defendant's agents, officers and, or employees,

3. directing such other and further damages as the court deems just and proper; and,

4. enjoining defendants' principals, officers, agents, and/or employees from further acting in disregard of law or regulation.

Dated: 8/30/____, 2006

_____    _____
Robert Maki                  Sandra Maki

### Acknowledgment

On the above inscribed date before the undersigned, a Notary Public for the State of Arkansas, personally appeared, Robert Maki and Sandra Maki, known to me to be the persons whose names are subscribed to the within instrument, and acknowledged to me that they executed the same as their free act and deed.

Notary, State of Arkansas: _____

My Commission expires: _11-15-10_

Seal:

# AFFIDAVIT

Affiants, Robert Maki and Sandra Maki are of lawful age and competent to testify, after having been duly sworn, state as follows based upon Affiants' own personal knowledge:

1. It is not now, nor has it ever been, Affiants' intent to avoid paying any tax that Affiants are legally liable to pay or that Affiants lawfully owe.

2. Affiants are not in possession of any document which verifies that defendant has complied with 26 U.S.C §6201(a) by making an assessment of the taxes Affiants allegedly owe;

3. Affiants are not in possession of any document which verifies that defendant has complied with 26 U.S.C §6202 by making an assessment of the taxes Affiants allegedly owe within the time and mode set forth by the secretary;

4. Affiants are not in possession of any document which verifies that defendant has complied with 26 U.S.C. §6203 by recording an assessment of the taxes Affiants allegedly owe;

5. Affiants are not in possession of any document which verifies that defendant has complied with 26 U.S.C. §6203 by furnishing Affiants copies of records of assessment upon Affiants' request;

6. Affiants are not in possession of any document which verifies that defendant has complied with 26 U.S.C. §7214(a) by not attempting and continuing to attempt to collect sums greater than appear on records of assessment;

7. Affiants are not in possession of any document which verifies that Affiants owe a "tax" to the United States Treasury.

8. Affiants are not in possession of any document which verifies that the defendant has complied with all collection procedures required by the IRS Code and its regulations.

9. Affiants are not in possession of any document which identifies the authority of the IRS to substitute any other document or form for a Form 23-C (Summary Record of Assessment).

10. Affiants are not in possession of any document which establishes that defendants' agency is willing to reconsider the position it has taken in the voluminous correspondence Affiants have received from defendant's agency.

11. Affiants have diligently and repeatedly sought to remedy this situation with the IRS.