IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT MAKI & <br> SANDRA MAKI, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | ) <br> ) <br> ) <br> )  No. 1:06-cv-1564 (JDB) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## UNITED STATES' MOTION TO DISMISS COMPLAINT

DEFENDANT, the United States of America, moves under Fed. R. Civ. P. 12(b), to dismiss plaintiffs' complaint.

As grounds for this motion, the United States submits that the Court lacks subject matter jurisdiction over the complaint and/or plaintiffs failed to state a claim for which relief may be granted.

A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

DATE: November 14, 2006.

                                                               Respectfully submitted,

                                                               /s/ Jennifer L. Vozne
                                                               JENNIFER L. VOZNE
                                                               Trial Attorney, Tax Division
                                                               U.S. Department of Justice
                                                               Post Office Box 227
                                                               Washington, DC  20044
                                                               Phone/Fax:  (202) 307-6555/514-6866
                                                               Email: Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT MAKI & SANDRA MAKI, ) ) ) | |
| Plaintiffs, ) ) | No. 1:06-cv-1564 (JDB) |
| v. ) ) | |
| UNITED STATES, ) ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF UNITED
STATES' MOTION TO DISMISS COMPLAINT**

This is a civil action in which plaintiffs seek damages for alleged "wrongful collection" of federal taxes and an order "enjoining defendants' principals, officers, agents, and/or employees from further acting in disregard of law or regulation."

QUESTION PRESENTED

Plaintiffs' complaint seeks damages for alleged "wrongful collection" of federal taxes from plaintiffs. The complaint fails to allege that plaintiffs have filed claim(s) for damages from "wrongful collection" of taxes. Section 7433 prohibits an aware of damages unless plaintiffs file an administrative claim for damages. Should the complaint be dismissed under these circumstances?

STATEMENT

1. <u>Introduction & background</u>. Plaintiffs, Robert Maki and Sandra Maki, filed a complaint on September 6, 2006, seeking damages for alleged wrongful collection.

2. <u>Relief sought in the complaint</u>. Plaintiffs allege that agents and employees of

2022422.1

the Internal Revenue Service disregarded a laundry list of statutes from the Internal Revenue Code. (Compl. Counts 1-31.) Plaintiffs seek damages in the amount of $172,500 plus "$10,000 per disregard."(Compl. Remedy Sought at 1 & 2.) Plaintiffs also seek an injunction preventing United States employees from "further acting in disregard of law or regulation."1/ (Compl. Remedy Sought at 4.)

ARGUMENT

I.

THE COMPLAINT SHOULD BE DISMISSED BECAUSE
PLAINTIFFS' FAILED TO EXHAUST
ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT

Plaintiffs attempt to state a claim for damages under 26 U.S.C. § 7433, and seek damages (Compl. ¶ II.A.1.) Plaintiffs' section 7433 claims should be dismissed because plaintiffs failed to demonstrate that they filed an administrative claim for damages with the Internal Revenue Service. The party bringing suit must show that the United States has unequivocally waived its sovereign immunity. *McGuirl v. United States*, 360 F.Supp.2d 125, 127 (D.D.C. 2004) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *West v. F.A.A.*, 830 F.2d 1044, 1046 (9th Cir. 1987). Section 7433 of the Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions. Plaintiffs failed to allege that they met the predicates of section 7433, thus the complaint

---

1/ Such injunctive relief is barred by the Anti-Injunction Act (26 U.S.C. § 7421). *See Foodservice & Lodging Institute, Inc. v. Reagan*, 809 F.2d 842, 844-45 (D.C. Cir. 1987); *see Ross v. United States*, – F.Supp.2d –, 2006 WL 3250831 (D.D.C. 2006) (Bates).

should be dismissed.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, taxpayers must exhaust their administrative remedies. 26 U.S.C. § 7433(a). "A judgment for damages shall not be awarded under [7433] subsection (b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.*" 26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433. *See* 26 C.F.R. § 301.7433-1(e). The regulations provide that—

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added). The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer. 26 C.F.R. § 301.7433-1(e)(1) and (2). Failure to comply with this regulation deprives a court of jurisdiction. *See McGuirl v. United States*, 360 F.Supp.2d at 128; *Glass v. United States*, 424 F.Supp.2d 224 (D.D.C. 2006); *Venen v. United States*, 38

F.3d 100, 103 (3d Cir. 1994); *Conforte v. United States*, 979 F.2d 1375 (9th Cir. 1992); *Holt v. Davidson*, 441 F.Supp.2d 92, 96 (D.D.C. 2006) (Urbina).

Here, plaintiffs have not alleged that they filed a written claim with the area director which complies with the requirements of the regulations. Therefore, plaintiffs have not met their burden to allege adequately that the United States has unequivocally waived its sovereign immunity. Because plaintiffs have not met their burden to prove exhaustion of administrative remedies, this Court does not have jurisdiction over their section 7433 claim, and the Court should dismiss the complaint. Alternatively, the complaint should be dismissed for failure to state a claim. *See, e.g., Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006) (Bates); *Ross v. United States*, – F.Supp.2d –, 2006 WL 3250831 (D.D.C. 2006) (Bates).

II.

THE COURT DOES NOT HAVE JURISDICTION
UNDER THE APA, 28 U.S.C. §§ 1331, THE ALL WRITS ACT,
OR MANDAMUS FOR PLAINTIFFS' CLAIM FOR DAMAGES

Plaintiffs also assert jurisdiction for their damages claim under the Administrative Procedures Act ("APA"), 28 U.S.C. §§ 1331, the All Writs Act and mandamus. (*See* Compl. ¶¶ II.A.2.-4., C.1.-3.) None of these statutes provides jurisdiction over actions concerning the assessment and/or collection of federal taxes. An action brought under the APA is barred if it concerns the assessment or collection of federal taxes. *See Foodservice and Lodging Institute, Inc. v. Regan*, 809 F.2d 842, 844-845 (D.C. Cir. 1987); *McGuirl v. United States*, 360 F.Supp.2d 129, 131-132 (D.D.C. 2004), *aff'd*

2005 WL 3781733 (D.C. Cir. 2005) (unpublished). Sovereign immunity is not waived merely because the action may involve a federal question. *See, e.g.*, *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983). Section 1651 of Title 28 does not operate as a waiver of sovereign immunity. *See Benvenuti v. Dept. of Defense*, 587 F.Supp. 348 (D.D.C. 1984). Nor does 28 U.S.C. § 1361 operate as a waiver of sovereign immunity on its own.2/ *See, e.g.*, *Washington Legal Foundation v. United States Sentencing Comm'n*, 89 F.3d 897, 901 (D.C. Cir. 1996) (citing other cases). Moreover, section 7433 is the sole statutory provision for damages, with one exception not at issue here, resulting from alleged improper collection activity. 26 U.S.C. § 7433; *see Ross v. United States*, – F.Supp.2d –, 2006 WL 3250831 (D.D.C. 2006) (Bates). Plaintiffs failed to demonstrate a waiver of sovereign immunity thereby establishing the Court's jurisdiction over their section 7433 damages claim. Therefore, the Court should dismiss the amended complaint.

III.

THE COURT DOES NOT HAVE JURISDICTION
UNDER THE FOIA OR THE PRIVACY ACT
FOR PLAINTIFFS' CLAIM FOR DAMAGES.

Plaintiffs also appear to assert that the Court has jurisdiction under the Freedom

---

2/ Moreover, plaintiffs fail to state a claim for which relief may be granted under 28 U.S.C. § 1361. A writ of mandamus may be issued only when plaintiffs can show: (1) a clear right to the relief sought; (2) the officer has a clear duty to do the act that the plaintiff requests; and (3) no other adequate remedy is available. *Northern States Power Co. v. Dep't of Energy*, 128 F.3d 754, 758 (D.C. Cir. 1997); *Estate of Michael v. Lullo*, 173 F.3d 503, 512-13 (4th Cir. 1999). Plaintiffs clearly do not meet these requirements. For example, plaintiffs have an adequate remedy at law. They can bring suit under 26 U.S.C. § 7433, which they have arguably pursued in this suit, to address their allegations of wrongful collection.

of Information Act ("FOIA") and the Privacy Act.3/ The FOIA provides limited relief to plaintiffs and limited jurisdiction to courts: a Court may "enjoin the agency from withholding agency records and . . . order the production of any agency records improperly withheld from the complainant."4/  Courts have explained that the "FOIA merely provides an avenue and a remedy for an individual to seek and obtain records of an administrative agency.  It does not provide a litigant with other [...] remedies against the United States."5/ Neither the FOIA nor the Privacy Act provide for damages for alleged wrongful collection actions. *See Ross v. United States*, – F.Supp.2d –, 2006 WL 3250831 (D.D.C. 2006) (Bates).

Additionally, in a FOIA action and a Privacy Act action, the only proper defendants are federal departments and agencies.6/  Accordingly, the Court lacks personal jurisdiction over the United States and the complaint must be dismissed.

---

3/  5 U.S.C. § 552 (FOIA); 5 U.S.C. § 552a (Privacy Act).

4/  5 U.S.C. § 552(a)(4)(B); see also 5 U.S.C. § 552a(g)(3(A) (Privacy Act) ("[T]he court may enjoin the agency from withholding the records and order the production to the complainant of any agency records improperly withheld from him.")

5/  *Gasparutti v. United States*, 22 F. Supp. 2d 1114, 1117 (C.D. Cal. 1998).  This conclusion is further supported by the principle of sovereign immunity.  "[T]he United States, as sovereign, 'is immune from suit save as it consents to be sued *** and the terms of its consent to be sued in any court *define that court's jurisdiction* to entertain the suit.'"  *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (emphasis added).  In the case of FOIA and Privacy Act suits, Congress authorized suit against an *agency* and only provided for a limited form of relief.

6/  5 U.S.C. §552(f); 5 U.S.C. §552a(g)(1)(B); *Thompson v. Walbran*, 990 F.2d 403, 405 (8th Cir. 1993) (citing *Sherwood Van Lines v. United States Dep't of Navy*, 732 F.Supp. 240, 241 (D.DC. 1990)).

CONCLUSION

Because plaintiffs failed to exhaust administrative remedies prior to filing suit, the complaint should be dismissed.

DATE: November 14, 2006.	Respectfully submitted,

	 /s/ Jennifer L. Vozne
	JENNIFER L. VOZNE
	Trial Attorney, Tax Division
	U.S. Department of Justice
	Post Office Box 227
	Washington, DC  20044
	Phone/Fax:  (202) 307-6555/514-6866
	Email: Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO DISMISS AMENDED COMPLAINT, supporting MEMORANDUM, and proposed ORDER were caused to be served upon plaintiffs *pro se* on the 14th day of November, 2006, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

>ROBERT MAKI
>SANDRA MAKI
>*Plaintiffs pro se*
>50 Rhodes Drive
>Eureka Springs, Arkansas 72632

          /s/ Jennifer L. Vozne
          JENNIFER L. VOZNE