# UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

Robert Maki &
Sandra Maki
    Plaintiffs,

v.

UNITED STATES,

    Defendant.

No. 1:06 cv 01564 (JDB)

OPPOSITION TO
MOTION TO DISMISS

## OPPOSITION TO MOTION TO DISMISS

Plaintiffs, Robert Maki and Sandra Maki, hereby respond:

Defendant, through Counsel, moved to dismiss the above captioned action for lack of subject matter jurisdiction, and for failure to state a claim upon which relief can be granted. However, Counsel appears unsure of herself as she urges the Court to dismiss the *"amended complaint"*. (Def. Mem. pg 7) To the extent that Counsel may have merely committed a typographical / boilerplate error, and is in fact addressing Plaintiffs' action, Plaintiffs hereby respond.

Defendant's motion fails on both grounds, as follows:

RECEIVED

NOV 29 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### JURISDICTION IS PROPER

The Court's jurisdiction over the instant matter is established. In a recent Memorandum Opinion, *Martin v. United States*, DDC 05-2506, September 22, 2006, the Honorable Rosemary M. Collyer discussed at length "the split of authority in this District regarding whether the exhaustion of administrative remedies is a jurisdictional

prerequisite to bringing suit." *Martin, p. ___.* Relying upon *Arbaugh v. Y & H Corp.*, 126 S. Ct. 1235, 1245 (Feb. 22, 2006);and *Turner v. United States*, 429 F. Supp. 2d 149, 154 (D.D.C. 2006), the Court (Collyer) made clear that "failure to exhaust administrative remedies is *not a jurisdictional prerequisite to bringing suit*". (emphasis added)

## PLAINTIFFS PLAINLY STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Notwithstanding Counsel's intent to mislead this Court by invoking the Anti Injunction Act in her memorandum in support of the subject motion to dismiss, the case at bar is a damages suit. Plaintiffs are not seeking an injunction. Requesting the Court to issue an order directing any party to abide by the Law is in no sense a request for injunctive relief.

Plaintiffs first seek a determination as to whether officers or employees of defendant's agency disregarded provisions of the Internal Revenue Code or regulations promulgated thereunder "in connection with" collection activity in the absence of a valid, properly executed Certificate(s) of Assessment; "exaction...in the guise of a tax." See: *Enochs V. Williams Packing Co.*, 370 U.S. 1 (1962). If, upon evidence, the Court finds that such unlawful actions were committed, damages — authorized by Congress — may then be determined, to the extent the Court sees fit to make the Plaintiffs whole.

## NOTICE PLEADING SUFFICIENT

Fed. R. Civ. P. 8(a) governs the requirements for setting forth an adequate claim for relief. The Rule provides: (a) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim or third-party claim, shall

contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

The United States Supreme Court, in Conley v Gibson 355 U.S. 41 (1957) had this to say regarding the sufficiency of "notice pleading":

"The respondents also argue that the complaint failed to set forth specific facts to support its general allegations of discrimination and that its dismissal is therefore proper. The decisive answer to this is that the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is "a short and plain statement of the claim" 8 that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."

Plaintiffs assert that the Defendant has been given fair notice as to the Plaintiffs' claims and the grounds upon which said claims rest. The Supreme Court, again citing Conley:

"In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45 -46 (1957) (footnote omitted). [416 U.S. 232, 237]

Moreover, the D.C. Circuit has found that, "The accepted rule in every type of case" is that a court should not dismiss a complaint for failure to state a claim unless the _defendant can show_ "beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Warren v. District of Columbia, 353 F.3d 36, 37 (D.C. Cir. 2004) (citations omitted).

Counsel has certainly not proven, and cannot prove, prior to discovery, that the Plaintiffs could not prevail on any set of facts alleged in the instant matter. Assuming, *arguendo*, Defendant's basis for the motion is otherwise valid, the Court (the Hon. Bates & Huvelle) has acknowledged at least two (2) sets of facts on which Plaintiff could still prevail: 1) unwillingness to reconsider a position; and 2) agency bias.

Defendant's attempt to move this Court to dismiss based upon the affirmative defense of failure to state a claim is premature at this juncture. Indeed, no evidence has yet been made available through discovery from which to draw such conclusions

In summary, the defendant's motion to dismiss fails on both of the grounds upon which it relied, (1) the D.C. Circuit has held that exhaustion of administrative remedies is not a jurisdictional prerequisite to bringing suit, and (2) Plaintiffs has stated grounds in their complaint to put Defendant on notice as to the nature of their claims sufficient to withstand Defendant's affirmative defense.

WHEREFORE, Plaintiffs request that the Court deny the Defendant's motion to dismiss in its entirety.

Respectfully entered this 27th day of November, 2006

_____          _____
Robert Maki                                      Sandra Maki

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Opposition To Motion To Dismiss was served on November 27th, 2006 by USPS to the following person, addressed as follows:

JENNIFER L. VOZNE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044

*Robert Maki*
Robert Maki

Robert Maki, et ux v. UNITED STATES                              1:06-01564 (JDB)