UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ROBERT MAKI, et al.,**

    **Plaintiffs,**

        v.

**UNITED STATES,**

    **Defendant.**

Civil Action No. 06-1564 (JDB)

### MEMORANDUM OPINION

This action is one of more than seventy cases in which dozens of individuals across the nation have filed complaints (in a pro se capacity) in this Court seeking damages for alleged misconduct by the Internal Revenue Service ("IRS") in the collection of taxes. Plaintiffs have invoked the damages cause of action in the Taxpayer Bill of Rights ("TBOR"), 26 U.S.C. § 7433, as the primary basis for relief, as other similar plaintiffs typically have done. Plaintiffs in this action also have invoked a panoply of other statutory authorities to support their claims for relief: the Administrative Procedure Act, 5 U.S.C. §§ 704-06; the All Writs Act, 28 U.S.C. § 1651; the Mandamus Act, 28 U.S.C. § 1361; and unspecified provisions of the Freedom of Information Act, the Privacy Act, the Federal Records Act, and the National Archives Act. Presently pending before the Court is defendant's motion to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

### BACKGROUND

**I.    Statutory and Regulatory Background**

Section 7433(a) of the Internal Revenue Code ("Code") authorizes taxpayers to bring an action for civil damages against any officer or employee of the IRS who acts in disregard of the

Code or its implementing regulations in connection with collection activity. The provision authorizing this cause of action states:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

26 U.S.C. § 7433(a).

Section 7433(d)(1), however, limits such actions, by providing that "[a] judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." 26 U.S.C. § 7433(d)(1). In accordance with this provision, the IRS has promulgated regulations that establish procedures to be followed by a taxpayer who believes that IRS officers or employees have disregarded provisions of the tax code in their collection activities. See 26 C.F.R. § 301.7433-1. Specifically, these regulations require that, prior to bringing suit in court, an aggrieved taxpayer must first submit his or her claim "in writing to the Area Director, Attn: Compliance Technical Support Manager[,] of the area in which the taxpayer currently resides," and further require that the claim must include:

> (i) The name, current address, current home and work telephone numbers and any convenient times to be contacted, and taxpayer identification number of the taxpayer making the claim;
>
> (ii) The grounds, in reasonable detail, for the claim (include copies of any available substantiating documentation or correspondence with the Internal Revenue Service);
>
> (iii) A description of the injuries incurred by the taxpayer filing the claim (include copies of any available substantiating documentation or evidence);

>   (iv) The dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable (include copies of any available substantiating documentation or evidence); and
>
>   (v) The signature of the taxpayer or duly authorized representative.

26 C.F.R. § 301.7433-1(e). If such a claim is filed and the IRS has either issued a decision on the claim or has allowed six months to pass from the date of filing without acting on it, the taxpayer may proceed to file suit in federal district court pursuant to 26 U.S.C. § 7433(a). See 26 C.F.R. § 301.7433-1(d)(1). The regulations also allow the taxpayer to file suit immediately after the administrative claim is submitted if the administrative submission occurs during the last six months of the two-year limitations period. 26 C.F.R. § 301.7433-1(d)(2).

The Internal Revenue Code also authorizes and limits certain other causes of action. Section 7422, governing suits for refund of taxes wrongfully collected, provides:

>   No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a). A taxpayer may file a civil damages action for unauthorized inspection or disclosure of returns and return information where disclosure occurs outside of the context of the collection activities addressed in section 7433, subject to the limitations set forth in the Code. 26 U.S.C. § 7431(a)(1); Shwarz v. United States, 234 F.3d 428, 432-33 (9th Cir. 2000). Section 7421 of Title 26, also known as the Anti-Injunction Act, provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person"

except for actions under specific statutory provisions enumerated therein.[1]  Id.

## II.     Factual Background

Plaintiffs allege that the IRS has acted in disregard of the IRS Code while engaged in wrongful collection activity.  Compl. at 1 n.1.  Plaintiffs enumerate 31 "counts" of alleged IRS misconduct, reciting a litany of regulations and statutory provisions, but providing few facts underlying the violations alleged.  Compl. at 4-15.  Indeed, the complaint is virtually indistinguishable from that in Ross v. United States, --- F. Supp. 2d ---, 2006 WL 3250831, *3 (D.D.C. Nov. 10, 2006).[2]  Nonetheless, drawing all inferences in plaintiffs' favor, the claims can fairly be summarized as alleging misconduct by the IRS throughout the tax collection process, beginning with a failure to notify plaintiffs of their duties to keep records and file tax returns, followed by the imposition of an improper assessment by the IRS which it failed to properly record, lack of notice to plaintiffs of unpaid taxes, and improper liens on plaintiffs' property.  In plaintiffs' own words, "this is an action for damages because the IRS disregarded and continues to disregard certain sections of the IRS Code while engaged in collection activity regarding plaintiff(s)."  Compl. at 1 n.1.  Plaintiffs further emphasize that "[t]his is not an action requesting declaratory judgment, refund of taxes under 26 U.S.C. [§] 7422 or an action for injunctive relief."  Id.

---

[1]  The statutory provisions excepted from the Anti-Injunction Act are 26 U.S.C. §§ 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436.  See 26 U.S.C. § 7421(a).  Plaintiffs have not requested injunctive relief under these provisions.

[2]  Ross differs only insofar as the plaintiffs there asserted additional counts alleging that the IRS failed to prepare, execute, or disclose substitute tax returns and made false claims against the plaintiffs that led to their prosecution and incarceration.  See Ross, --- F. Supp. 2d ---, 2006 WL 3250831, at *3.

Based on these allegations, plaintiffs request an order directing defendant to pay plaintiffs $172,500 for direct monetary damages suffered by plaintiffs, damages in the amount of $10,000 for each disregard of each Internal Revenue Code law or regulation, and "such further damages as the court deems just and proper." Compl. at 16-17. Notwithstanding their disavowal of pursuing injunctive relief, plaintiffs also seek an order "enjoining defendant[] . . . from further acting in disregard of law or regulation." Id. Plaintiffs contend the Court has jurisdiction to award the relief requested under 26 U.S.C. § 7433; the Administrative Procedure Act, 5 U.S.C. §§ 704-06; the All Writs Act, 28 U.S.C. § 1651; the Mandamus Act, 28 U.S.C. § 1361; and unspecified provisions of the Freedom of Information Act, the Privacy Act, the Federal Records Act, and the National Archives Act.

## STANDARD OF REVIEW

"[I]n passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see Leatherman v. Tarrant Cty. Narcotics and Coordination Unit, 507 U.S. 163, 164 (1993); Phillips v. Bureau of Prisons, 591 F.2d 966, 968 (D.C. Cir. 1979). Therefore, the factual allegations must be presumed true, and plaintiff must be given every favorable inference that may be drawn from the allegations of fact. Scheuer, 416 U.S. at 236; Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000). However, the Court need not accept as true "a legal conclusion couched as a factual allegation," nor inferences that are unsupported by the facts set out in the complaint. Trudeau v. Federal Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

Under Rule 12(b)(1), the party seeking to invoke the jurisdiction of a federal court --

plaintiffs here -- bears the burden of establishing that the court has jurisdiction.  See US Ecology, Inc. v. U.S. Dep't of Interior, 231 F.3d 20, 24 (D.C. Cir. 2000); see also Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001) (a court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority."); Pitney Bowes, Inc. v. United States Postal Serv., 27 F. Supp. 2d 15, 19 (D.D.C. 1998).  "'[P]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim."  Grand Lodge, 185 F. Supp. 2d at 13-14 (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (2d ed. 1987)).

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure will not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987).  All that the Federal Rules of Civil Procedure require of a complaint is that it contain "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 346 (2005) (quoting Conley, 355 U.S. at 47).  "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'"  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

## DISCUSSION

### I.  Damages Actions Under 26 U.S.C. § 7433

Defendant moves to dismiss plaintiffs' damages claim under 26 U.S.C. § 7433 on the

ground that plaintiffs have failed to exhaust their administrative remedies. Plaintiffs' response does not directly address the exhaustion of administrative remedies, but suggests that dismissal is unwarranted because the allegations of the complaint must be taken as admitted at this stage of litigation.[3] Pls.' Mem. at 2-4. Plaintiffs further suggest, albeit indirectly, that the exhaustion requirement should be excused. Id. at 4.

Plaintiffs' response to defendant's motion to dismiss contains not even a bare contention that they have satisfied the exhaustion requirement set forth at 26 C.F.R. § 301.7433-1(e). Instead, plaintiffs contend that, because the factual allegations of the complaint must be taken as admitted, defendant has failed to prove that plaintiffs cannot prevail.[4] Pls.' Mem. at 3-4. But even the most liberal view of the complaint does not save plaintiffs' section 7433 claim because no part of the complaint makes any reference to exhaustion.[5] Nor do plaintiffs contend, in response to defendant's motion to dismiss, that they have satisfied the exhaustion requirement.

Plaintiffs next imply that they may nonetheless prevail because the IRS is biased and unwilling to reconsider its position. Pls.' Mem. at 4. But the exhaustion requirement of TBOR

---

[3] As explained in Ross, exhaustion of administrative remedies is necessary to state a claim for relief under 26 U.S.C. § 7433, but is not a jurisdictional requirement. See Ross, --- F. Supp. 2d ---, 2006 WL 3250831, at *5. Thus, the Court will consider the motion to dismiss regarding failure to exhaust pursuant to Rule 12(b)(6), rather than Rule 12(b)(1).

[4] Of course, to the extent plaintiffs' complaint alleges legal conclusions -- indeed, such legal conclusions are predominant -- the Court need not accept those conclusions as true. Trudeau, 456 F.3d at 193 ("we are not bound to accept as true a legal conclusion couched as a factual allegation").

[5] Plaintiffs submitted an affidavit in support of the complaint stating that they have "sought to remedy this situation with the IRS." See Compl., Affidavit of Robert Maki and Sandra Maki ¶ 11. However, the affidavit does not represent that plaintiffs complied with the exhaustion requirement set forth at 26 C.F.R. § 301.7433-1. Therefore, plaintiffs' affidavit is inadequate to allege exhaustion. See, e.g., Evans v. United States, 433 F. Supp. 2d 17, 20 n.1 (D.D.C. 2006).

does not provide for such exceptions. To be sure, plaintiffs are correct that courts occasionally relieve plaintiffs of exhaustion requirements. See, e.g., McCarthy v. Madigan, 503 U.S. 140, 146 (1992) (stating that "administrative remedies need not be pursued if the litigant's interests in immediate judicial review outweigh the government's interests in the efficiency or administrative autonomy that the exhaustion doctrine is designed to further"). But this only occurs when the exhaustion requirement is itself a judicial construct.[6] If exhaustion is a statutory mandate, as it is here, then courts may not carve out exceptions that are unsupported by the statutory text. See id. at 144 (stating that "[w]here Congress specifically mandates, exhaustion is required"); Avocados Plus, Inc. v. Veneman, 370 F.3d 1243, 1247-48 (D.C. Cir. 2004) (stating that "[i]f [a] statute does mandate exhaustion, a court cannot excuse it") (citing Shalala v. Ill. Council on Long Term Care, Inc., 529 U.S. 1, 13 (2000)). Accordingly, in light of plaintiffs' failure to exhaust administrative remedies, the Court will dismiss plaintiffs' claim under 26 U.S.C. § 7433 for failure to state a claim upon which relief can be granted.

**II.    Injunctive Relief**

Plaintiffs also request an order "enjoining defendants' principals, officers, agents, and/or employees from further acting in disregard of law or regulation." Compl. at 17. Plaintiffs do not specify the scope of the injunction sought, but the Court discerns from the complaint read as a whole that the alleged unlawful conduct at issue relates to collection of taxes. See Compl. at 1 n.1 (alleging that "the IRS disregarded and continues to disregard certain sections of the IRS Code

---

[6] Moreover, even under circumstances in which the exhaustion requirement is not explicitly mandated by statute, courts have said that an implied "exhaustion requirement may be waived in 'only the most exceptional circumstances.' . . . Even the probability of administrative denial of the relief requested does not excuse failure to pursue [the administrative remedies]." Randolph-Sheppard Vendors of Am. v. Weinberger, 795 F.2d 90, 106 (D.C. Cir. 1986) (citations omitted).

while engaged in collection activity regarding plaintiff(s)"); id. at 16 (alleging direct damages from "wrongful collection actions").  Defendant submits that such relief is barred by the Anti-Injunction Act, 26 U.S.C. § 7421.

The Anti-Injunction Act provides, in relevant part, that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."  Id.  Plaintiffs contend that the Act is inapplicable because their request to "enjoin [the IRS] from further acting in disregard of law or regulation" is not a request for injunctive relief.  Pls.' Mem. at 2.  That response merits little discussion.  An order to enjoin a defendant from acting is, by definition, injunctive relief.  The Court in Ross previously addressed the issue of whether the Anti-Injunction Act applies to this very type of injunction -- one enjoining the IRS from engaging in unlawful collection activity -- and, after considering whether any exceptions applied, concluded that the Anti-Injunction Act applies.  See Ross, --- F. Supp. 2d ---, 2006 WL 3250831, at *7.  As the Court noted, every decision in this Circuit to address the availability of injunctive relief to plaintiffs challenging the assessment and collection of income taxes by the IRS has held that the court lacks subject matter jurisdiction under the Anti-Injunction Act to grant such relief.  See, e.g., Lindsey v. United States, 448 F. Supp. 2d 37, 58-59 (D.D.C. 2006); Davis v. United States, 2006 WL 2687018, at *4-5 (D.D.C. Sept. 19, 2006); Erwin v. United States, 2006 WL 2660296, at *8-9 (D.D.C. Sept. 15, 2006).  The Court reaches the same conclusion here.

### III.    Unavailability of Damages or Other Relief Under Other Statutes

Like the plaintiffs in Ross, plaintiffs attempt to maintain their case here by invoking the APA, the All Writs Act, the Mandamus Act, FOIA, the Privacy Act, the Federal Records Act, and the National Archives Act.  As in Ross, those claims must be dismissed.

The exclusivity provision of section 7433 precludes plaintiffs' claims for damages under any other statutory provision. The exclusivity provision states: "[e]xcept as provided by section 7432 [dealing with damages for failure to release a lien], such civil action [referring to the damages action for improper IRS collection activity described in the first sentence of section 7433] shall be *the exclusive remedy for recovering damages resulting from such actions*." 26 U.S.C. § 7433 (emphasis added). Under this language, the Ninth Circuit has held that a plaintiff seeking damages based on IRS misconduct "in connection with any collection of Federal tax" is precluded from bringing a damages action under any other statutory provision (other than the statutory exception for section 7432 actions). See Shwarz v. United States, 234 F.3d 428, 432-33 (9th Cir. 2000) (holding that plaintiff's damages claim for unauthorized disclosure under 26 U.S.C. § 7431 was barred by the section 7433 exclusivity provision because the underlying acts occurred "in connection with" tax collection activity). The Ninth Circuit found that the legislative history also supported this reading, quoting the conference agreement explanation for the addition of the exclusivity provision to section 7433: "'[E]xcept as provided by new Code section 7432, an action brought under this provision [section 7433] shall be the exclusive remedy for recovering damages resulting from reckless or intentional disregard of a provision of the Internal Revenue Code, or a regulation promulgated thereunder, by an IRS employee engaged in the collection of any Federal tax.'" Shwarz, 234 F.3d at 433 (quoting H.R. Conf. Rep. No. 100-1104, at 228-29 (1988), reprinted in 1988 U.S.C.C.A.N. 5048, 5288-89). That court concluded that this legislative history "makes clear . . . that, except for § 7432 actions, *all other actions for improper collection activity are precluded by § 7433*." Id. (emphasis added). This Court agrees, and concludes that, based on the plain language of section 7433(a) and its legislative history, section 7433 bars plaintiffs' claim for damages under the other statutes referenced by plaintiffs.

Furthermore, as explained in detail in Ross, even putting aside the exclusivity provision, claims for damages based on wrongful collection of taxes are not viable under the APA, the All Writs Act, the Mandamus Act, FOIA, and the Privacy Act.  Ross, --- F. Supp. 2d ---, 2006 WL 3250831, at *8-10.  The Court adopts that analysis as well.

## CONCLUSION

For the foregoing reasons, the Court will grant defendant's motion to dismiss plaintiffs' complaint.  A separate order has been issued on this date.

/s/ John D. Bates
JOHN D. BATES
United States District Judge

Date:   December 22, 2006